UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

               v.                                          5:08-CR-184 (FJS)

RICHARD R. MURTAUGH,

                      **Defendant.**

_____

**APPEARANCES**                                           **OF COUNSEL**

**OFFICE OF THE UNITED**                **STEVEN D. CLYMER, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building
& U.S. Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**TISDELL & MOORE**                              **ROBERT L. TISDELL, ESQ.**
University Building, Suite 615
120 East Washington Street
Syracuse, New York 13202
Attorneys for Defendant Murtaugh

**SCULLIN, Senior Judge**

## ORDER

      Defendant Richard R. Murtaugh filed a motion seeking the following relief:

      (1) a bill of particulars;

      (2) an order, pursuant to Rules 12(b)(3)(C) and 41(b) of the Federal Rules of Criminal Procedure, suppressing all evidence seized as a result of the execution of search warrants upon the premises at Murtaugh Recycling Corporation and at Defendant's residence;

      (3) an order, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of

>   Evidence, specifying the "other crimes" evidence that the
>   Government intends to offer against Defendant at trial;
>
>   (4) an order requiring the Government to give notice of its intent to
>   use Defendant's prior convictions under Rule 609 of the Federal
>   Rules of Evidence; and
>
>   (5) an order granting Defendant leave to make further motions as
>   necessary.

*See* Defendant's Notice of Motion.

The Court heard oral argument in support of, and in opposition to, this motion on September 23, 2008. At that time, the parties agreed that the only remaining issue for the Court to resolve was whether the affidavit in support of the application for the search warrants to search the office of Defendant's business, Murtaugh Recycling Corporation ("MRC"), and Defendant's residence, which was MRC's corporate office, contained sufficient facts to establish probable cause.

"'To be valid under the Fourth Amendment a search warrant must be supported by [probable] cause.'" *United States v. Spellicy*, 253 Fed. Appx. 147, 149, 2007 WL 3287372, *2 (2d Cir. Nov. 8, 2007) (quoting *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006)). In determining what constitutes probable cause, the

>   "[t]task of the issuing magistrate is simply to make a practical,
>   common-sense decision whether, given all the circumstances set
>   forth in the affidavit before him, including the 'veracity' and 'basis
>   of knowledge' of persons supplying hearsay information, there is
>   fair probability that contraband or evidence of a crime will be
>   found in a particular place. . . .

*United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting *Gates*, 462 U.S. at 235, 238-39, 103 S. Ct. at 2330, 2332 (quoting *Jones v. United States*, 362 U.S., at 271, 80 S. Ct. at 736)).

Furthermore, in reviewing a magistrate judge's decision, the district court's duty "is

simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* (quoting *Gates*, 462 U.S. at 235, 238-39, 103 S. Ct. at 2330, 2332 (quoting *Jones v. United States*, 362 U.S., at 271, 80 S. Ct. at 736)) (other citations omitted).  "'[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit [applying for a warrant] should not take the form of *de novo* review.  A magistrate's "determination of probable cause should be paid great deference by reviewing courts."'"  *Id.* (quoting *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (quoting *Spinelli v. United States*, 393 U.S. 410, 419; 89 S. Ct. 584, 590, 21 L. Ed. 2d 637 (1969))) (other citation omitted).  Additionally,

> "courts should not invalidate [a] warrant by interpreting the [supporting] affidavit in a hypertechnical, rather than a common-sense, manner.  Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.  *Jones v. United States*, [362 U.S. 257, 270 [, 80 S. Ct. 725, 735, 4 L. Ed. 2d 697] (1960)]."

*Id.* (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S. Ct. 741, 746, 13 L. Ed. 2d 684 (1965)) (other citation omitted).

The Court has reviewed the facts set forth in the affidavit and finds that they are sufficient to establish probable cause.  In her affidavit, Agent Ewald noted that, during the two-month period from September 30, 2004, through November 23, 2004, Defendant withdrew approximately $340,000 from his business account to pay his customers and deposited approximately $925,000 in checks into his business account, which, according to a bank official, was typical of the cash flow generated in each two-month period for MRC throughout the year.  *See* Warrant Application at ¶ 17.  Based on the cash flow for this two-month period, Agent Ewald estimated that MRC's annual gross receipts would total $5,500,000.  *See id.*  In fact, MRC

reported gross receipts of $5,255,052 for the tax year 2004. *See id.* at ¶ 9. In comparison, in the tax years 2000 through 2003, MRC reported gross receipts in the following amounts – $1,689,340; $1,171,532; $1,000,159; and $2,438,199, respectively. *See id.* at ¶ 9. In addition, based on tax returns filed with the IRS, Defendant reported net income/loss from MRC in the following amounts for the tax years 1999 through 2003 – $17,181, ($5,692), $27,154, $9,382, and $211,508, respectively. *See id.* at ¶ 10. For those same tax years, Defendant and his wife reported combined wages in the amount of $76,600, $88,400, $82,000, $71,400, and $108,500 respectively. *See id.* at ¶ 11.

     Agent Ewald also stated that, according to Department of Motor Vehicle records, Defendant and his wife owned several luxury vehicles, recreational vehicles, and classic vehicles, including a 2000 Cadillac Escalade, a 2000 Lincoln Continental, a 1995 Ford Pickup, a 2001 Newell motor home, a 1957 classic Ford, a 1940 classic Chevrolet, and a 1932 classic Ford. *See id.* at ¶ 21. Defendant and his wife also own two properties located in Florida in a gated community for recreational vehicles; one of which he purchased in 2000 for $36,800, and the other one he purchased in 2005 for $135,000. *See id.* at ¶ 22.

     Finally, Agent Ewald stated that she believed that the annual income (averaging $80,000) that Defendant and his wife reported was inconsistent with a lifestyle that included a house appraised at $324,000, the proposed purchase of a motor home for $400,000 to $800,000, and the ownership of two parcels of property in Florida, purchased for approximately $170,000. *See id.* at ¶ 26.

     Although Defendant argues that this information is insufficient to establish probable cause, he does not assert that any of the factual allegations are false. Rather, he takes issue with

Agent Ewald's interpretation of those facts, asserting that the evidence in the affidavit shows "an individual with a legitimate business which had a spike in income in 2004." *See* Defendant's Memorandum of Law at 10.  However, "'[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause.'"  *United States v. Klump*, 536 F.3d 113, 120 (2d Cir. 2008) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)).

  Agent Ewald reviewed the information that was available to her, including Defendant's tax filings for the years 1999 through 2004, and, based on her experience and knowledge, determined that these facts indicated a probability that Defendant and his wife had underreported their income for the years 1999 through 2003 and had failed to report accurate gross receipts for MRC for those same years.  This is all that is required to establish probable cause.  Although at trial the Government will have to prove beyond a reasonable doubt that these "facts" establish that Defendant committed the crimes with which he was charged,  when determining whether probable cause exists to issue a search warrant, "it is only a probability, and not a prima facie showing of criminal activity," that is required.  *United States v. Travisano*, 724 F.2d 341, 346 (citing *Spinelli v. United States*, 393 U.S. 410, 419, 89 S. Ct. 584, 590, 21 L. Ed. 2d 637 (1969)) (other citation omitted).

  Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to suppress the evidence seized as a result of the execution of search warrants upon the premises at Murtaugh Recycling Corporation and at Defendant's residence is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 9, 2008
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge