**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

**v.**                                                            **5:08-CR-184**
                                                                      **(FJS)**
**RICHARD R. MURTAUGH,**

                          **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**OFFICE OF THE UNITED**                 **STEVEN D. CLYMER, AUSA**
**STATES ATTORNEY**
James Hanley U.S. Courthouse
and Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF BRUCE R. BRYAN**            **BRUCE R. BRYAN, ESQ.**
333 East Onondaga Street, Suite 600
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On February 10, 2009, a jury convicted Defendant Richard R. Murtaugh of two counts of

tax evasion in violation of 26 U.S.C. § 7291 and four counts of filing false individual and

corporate income tax returns in violation of 26 U.S.C. § 7206(1).  The jury also acquitted

Defendant of two counts of tax evasion, three counts of filing false individual and corporate

income tax returns, and one count of conspiracy to obstruct an official proceeding.

On June 19, 2009, this Court denied Defendant's post-verdict motion for a new trial.  On June 24, 2009, this Court sentenced Defendant to a total term of twenty-one months of imprisonment on each count to run concurrently and to a term of two years of supervised release upon completion of his term of imprisonment.  The Court also ordered him to pay a $10,000 fine and a $600 special assessment, both of which he has paid in full.  The Court ordered Defendant to begin serving his jail sentence on September 1, 2009.  Defendant filed a Notice of Appeal on June 29, 2009.

On July 17, 2009, Defendant filed a motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b).  Defendant contends that he has met all of the requirements of § 3143(b)(1) and that, therefore, he is entitled to the relief he seeks.  The Government opposes this motion.

In support of his motion, Defendant argues that there is clear and convincing evidence that he is neither a flight risk nor a danger to the community.  In addition, he claims that there are substantial appellate issues that are likely to result in either a reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.  Specifically, he asserts that (1) the search warrant affidavit was sufficiently deficient to require suppression of evidence, (2) the Court committed reversible error by ruling that the Government could cross-examine him about his refusal to speak with Special Agents of the Internal Revenue Service during their execution of the search warrant, (3) the Court's refusal to comply with the request that he made during jury deliberations for an instruction concerning the legal rules governing the filing of IRS Form 1099s was reversible error, (4) the jury's failure to follow the Court's instructions requires a new trial, and (5) the Court improperly imposed a sentence of incarceration.

The Court will address each of these arguments in turn.

## II. DISCUSSION[1]

**A.    The governing statute**

Section 3143(b)(1) provides, in pertinent part, that

> the judicial officer shall order that a person who has been found
> guilty of an offense and sentenced to a term of imprisonment, and
> who has filed an appeal or a petition for a writ of certiorari, be
> detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely
> to flee or pose a danger to the safety of any other person or the
> community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a
> substantial question of law or fact likely to result in –
> >  (i) reversal,
> >  (ii) an order for a new trial, [or]
> >  (iii) a sentence that does not include a term of
> >  imprisonment . . . .

18 U.S.C. § 3142(b)(1).

**B.    Risk of flight or danger to the safety of others or the community**

Defendant argues that there is clear and convincing evidence that he is neither a risk of

flight nor a danger to the safety of any other person or to the community if he is released.

Although the Government does not dispute that Defendant is not likely to flee, based on its

---

[1] The parties do not dispute that, although Defendant has filed a Notice of Appeal, his motion for bail pending appeal is properly before this Court. *See United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000) (holding that, "[w]hen release is sought before the appeal has been briefed and argued, the district court, having greater familiarity with the record, is normally in a far better position than the court of appeals to make such determinations in the first instance"); *United States v. Figuereo*, 167 F. Supp. 2d 540, 542 (N.D.N.Y. 2001) (holding that the Second Circuit requires that a defendant make his motion for bail pending appeal to the district court as a motion under 18 U.S.C. § 3143 "especially where the appeal has not been fully briefed and argued" (citation omitted)).

assertion that Defendant is a recidivist criminal who lacks respect for the law, the Government does argue that he poses a danger to the community.

The Court agrees with the Government that Defendant's presentence report showed that he had a criminal record spanning four decades and that he had run afoul of law enforcement on numerous occasions during that time. Moreover, in this case, the Court, in calculating Defendant's sentence, found that he had attempted to obstruct justice, thereby warranting a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Nonetheless, although the Court does not condone Defendant's behavior, the Court concludes that there is clear and convincing evidence that he is not likely to "pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3142(b)(1)(A).

**C.     Sufficiency of the IRS search warrant affidavit**

In his omnibus pretrial motion, Defendant argued that Agent Ewald's affidavit was insufficient to establish probable cause for a search warrant. The Court rejected that argument. *See* Court's October 9, 2008 Order at 3. The Court also noted that, "[a]lthough Defendant argue[d] that [the] information [contained in Agent Ewald's affidavit] [was] insufficient to establish probable cause, he [did] not assert that any of the factual allegations [were] false. Rather, he [took] issue with Agent Ewald's interpretation of those facts, asserting that the evidence in the affidavit show[ed] 'an individual with a legitimate business which had a spike in income in 2004.'" *See id.* at 4-5 (quoting Defendant's Memorandum of Law at 10). The Court rejected that argument and held that "'"[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause."'" *See id.* at 5 (quoting *United States v.*

*Klump*, 536 F.3d 113, 120 (2d Cir. 2008) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985))).

Finally, the Court stated that

> Agent Ewald reviewed the information that was available to her, including Defendant's tax filings for the years 1999 through 2004, and, based on her experience and knowledge, determined that these facts indicated a probability that Defendant and his wife had underreported their income for the years 1999 through 2003 and had failed to report accurate gross receipts for MRC for those same years. This is all that is required to establish probable cause. . . . [W]hen determining whether probable cause exists to issue a search warrant, "it is only a probability, and not a prima facie showing of criminal activity" that is required. *United States v. Travisano*, 724 F.2d 341, 346 (citing *Spinelli v. United States*, 393 U.S. 410, 419, 89 S. Ct. 584, 590, 21 L. Ed. 2d 637 (1969)) (other citation omitted).

*See id.* at 5.

In support of his present motion, Defendant has not provided the Court with any evidence to warrant a reversal of its previous determination regarding this issue nor has he demonstrated that this issue raises a substantial question of law or fact. Accordingly, the Court denies Defendant's motion for bail pending appeal to the extent that he bases his motion on this issue.

**D.     The Court's ruling permitting the Government to cross-examine Defendant concerning his refusal to speak with the IRS Agents at the time of the search of his residence and business**

During trial, the Government submitted a letter to the Court contending that Defendant's refusal to speak with the IRS Agents at the time that they searched his residence and business was admissible to impeach him if he offered self-exculpatory testimony at trial. *See* Dkt. No. 82. Defendant objected, asserting that such impeachment would be improper and requesting an offer

of proof regarding what occurred during the execution of the search warrant.  *See* Dkt. No. 83.

After reviewing counsels' arguments and the relevant law, the Court ruled that the Government

could use Defendant's refusal to impeach him if he testified.

Defendant acknowledges that he testified in his own defense and that, on direct

examination, he testified about his refusal to speak to the IRS Agents and the reasons that he did

so.  His decision to do so is fatal to his argument.

In *Ohler v. United States*, 529 U.S. 753 (2000), the Court was faced with a similar

situation.  In that case, the trial court granted the government's motion *in limine* seeking to admit

evidence of the defendant's prior felony conviction as impeachment evidence.  At trial, the

defendant testified and admitted on direct examination that she had been convicted of possession

of methamphetamine in 1993.  The jury convicted her of the importation of marijuana and

possession of marijuana with intent to distribute.  The Ninth Circuit confirmed the convictions.

The Supreme Court affirmed, holding that the defendant could not challenge the *in limine* ruling

on appeal.

The *Ohler* Court began its analysis by noting that, "[g]enerally, a party introducing

evidence cannot complain on appeal that the evidence was erroneously admitted."  *Ohler*, 529

U.S. at 755 (citations omitted).  Moreover, the Court rejected the defendant's argument that this

rule unconstitutionally burdened her right to testify.  *See id.* at 759.  Relying on its holding in

*McGautha v. California*, 402 U.S. 183 (1971), the Court explained that

> "'It has long been held that a defendant who takes the stand in his
> own behalf cannot then claim the privilege against cross-
> examination on matters reasonably related to the subject matter of
> his direct examination. . . . It is not thought overly harsh in such
> situations to require that the determination whether to waive the

> privilege take into account the matters which may be brought out
> on cross-examination.  It is also generally recognized that a
> defendant who takes the stand in his own behalf may be impeached
> by proof of prior convictions or the like. . . . Again, it is not
> thought inconsistent with the enlightened administration of
> criminal justice to require the defendant to weigh such pros and
> cons in deciding whether to testify.'"

*Id.* at 759-60 (quoting *McGautha v. California*, 402 U.S. 183, 215, 91 S. Ct. 1454, 28 L. Ed. 2d 711 (1971)).

For these reasons, the Court held that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Id.* at 760.  Likewise, in this case, Defendant made the decision to testify about his prearrest silence on direct examination.  Therefore, the Court concludes that he cannot complain that the admission of this evidence was error.

Alternatively, as the Court noted when it addressed this issue previously, in *Jenkins v. Anderson*, 447 U.S. 231 (1980), the Court held that the use of prearrest silence to impeach a criminal defendant's credibility did not violate the Fifth Amendment and did not deny him the fundamental fairness that the Fourteenth Amendment guaranteed him.  *See id.* at 238.  *Jenkins* clearly stands for the principle that the Government may elicit testimony regarding the prearrest silence of a defendant as long as the actions of the government agents did not coerce his silence and he had not received his *Miranda* warnings.

Defendant does not dispute that the IRS Agents did not provide him with his *Miranda* warnings, and he has presented no evidence to demonstrate that the IRS Agents coerced his silence.[2]  Under these circumstances, the Court concludes that *Jenkins* applies to this case.

---

[2] The mere fact that there was more than one IRS Agent present during the search of

(continued...)

Accordingly, both because Defendant waived his right to raise this issue on appeal and,

alternatively, because *Jenkins* applies to this case, the Court finds that this issue does not raise a

substantial question of law or fact and, therefore, denies Defendant's motion for bail pending

appeal to the extent that he bases his motion on this issue.

E.    **The Court's refusal to give an instruction to the jury about the legal requirements for filing 1099 Forms**

During its deliberations, the jury asked the following questions in a single note: "What is

the requirement for generating a 1099 for rental income owned (sic) by a person?  Should a form

1099 have been received/generated for West Monroe property?"  *See* Dkt. No. 88.  In response to

this note, Defendant requested a legal instruction concerning the requirements for filing 1099

Forms.  The Court denied Defendant's request.  Defendant argues that this ruling was reversible

error or at least a basis for a new trial.

In support of his present motion, Defendant argues that the Court should have given an

instruction on the requirements for issuing 1099 Forms because such an instruction would have

clarified for the jury that, "by changing the payee of the rental payments from a corporation to an

individual, [Defendant] made it more likely, not less likely, that this rental income from

Pierrepont Manor would have been disclosed."  *See* Defendant's Memorandum of Law at 11.

Defendant further asserts that "[t]he jury's questions, although not precise, deserved a complete,

legal response so that the jury could adequately consider [his] defense to the failure to report

---

[2](...continued)
Defendant's residence and business and that these Agents were armed does not, without more,
indicate that they coerced Defendant's silence.

rental income which was based entirely on his knowledge and intent . . . ."  *See id.*

The Court finds that Defendant's arguments are without merit.  Prior to this Note, Defendant had not requested any instructions regarding the requirements for filing 1099 Forms, although he had ample opportunity to do so either in his pretrial submissions or at the jury charge conference.  Furthermore, Defendant did not ask any witness about the filing requirements for such forms during the course of the trial.  Finally, although Defendant testified at trial, he did not testify that he believed that the payee name change was more likely to alert the IRS – and his accountant – to the rental income from Pierrepont Manor, thereby showing that he lacked criminal intent.  For all these reasons, the Court concludes that Defendant's arguments do not raise a substantial question of law or fact; and, therefore, the Court denies Defendant's motion for bail pending appeal to the extent that he bases his motion on this issue.

**F.      The Court's instructions to the jury**

Defendant argues, as he did in his post-trial motion for a new trial, that the jury failed to begin deliberating anew following the replacement of a sitting juror with an alternate juror despite the Court's instructions to do so.  *See* Defendant's Memorandum of Law at 12.  Defendant acknowledges that he has raised this argument before and that the Court rejected the argument at that time; nonetheless, Defendant states that he "believe[s] this is a close question likely to result in a new trial and is, therefore, sufficient to permit bail pending appeal."  *See id.*

When Defendant previously raised this issue, the Court noted that "Defendant Murtaugh's argument that Jury Note #2 'clearly' indicates that the jury failed to follow the Court's instructions to begin its deliberations anew after the substitution of an alternate juror finds no support in the

record." *See* Court's Memorandum-Decision and Order dated June 19, 2009, at 22.  As the Court explained at that time, "Jury Note #2, which reads, 'If we are not able to reach a unanimous decision on a particular count, what do we do?  Does that constitute reasonable doubt?,' indicates nothing more than that at least one of the jurors had a general question about the relationship between the need for unanimity and the legal concept of reasonable doubt."  *See id.*  The Court found that there was

> nothing in Jury Note #2 that indicate[d] that the jury was in the middle of its deliberations at the time that it posed this question.  It may well be that the jury wanted the Court to explain the relationship between these two concepts before it began its deliberations.  In fact, it could have been the alternate juror who raised this question or the question could have resulted from the jury's deliberations the day before, and the jury decided to pose the question to avoid any confusion before beginning its deliberations anew.  Whatever the reason for the question, there is nothing in the record to support Defendant Murtaugh's contention that Jury Question #2 indicates that the jury did not follow the Court's instructions.

*See id.*

In support of his present motion, Defendant has not provided any reason for the Court to reverse its previous determination regarding this issue; and, despite Defendant's assertion to the contrary, the Court does not find that this is a close question or that it raises a substantial question of law or fact.  Therefore, the Court denies Defendant's motion for bail pending appeal to the extent that he bases his motion on this issue.

**G.      The Court's sentencing determination**

Defendant contends that the Court made "sentencing errors which, if corrected by the

appellate court, could result in a guideline sentence of Level 10 . . . [which] would permit the

court to sentence [him] to probation and home detention without a jail sentence." *See*

Defendant's Memorandum of Law at 12-13 (citing U.S.S.G. § 5C1.1(c)(3)).

> Specifically, Defendant asserts that

>> [s]uccess on appeal of the issues of tax loss (for which there was
>> no clear jury finding) and obstruction of justice (wherein the
>> defendant was acquitted of obstruction and for which the
>> government failed to meet its burden of proving obstruction by a
>> preponderance of the evidence) could easily result in a
>> substantially reduced guideline calculation leading to a sentence of
>> probation and home confinement.

*See id.* at 13.

At sentencing, the Court adopted the loss amount identified in the Presentence Report,

which was based on all of the unreported income that Defendant diverted into his personal

money market account in 2003 and 2004, the two years for which he was convicted of tax fraud

and tax evasion.  Defendant does not explain how the Court's adoption of this amount constitutes

an error.

Furthermore, with respect to Defendant's obstruction-of-justice argument, at sentencing,

the Government contended that the Court should increase Defendant's offense level under

U.S.S.G.  § 3C1.1 for three reasons: (1) because Defendant attempted to influence the testimony

of a Government witness, (2) because Defendant testified falsely in his own defense at trial, and

(3) because Defendant conspired to obstruct the grand jury investigation.  Only the last of these

three grounds bears on the crime for which the jury acquitted Defendant.  The other two grounds

are independent of the crime with which the Government charged Defendant, and the Court

determined that, based on the evidence, the Government had demonstrated by a preponderance of

-11-

the evidence that Defendant had obstructed justice.  Defendant does not indicate how the Court erred in this regard.

Given the fact that Defendant has provided the Court with no evidence to show that its sentencing determination was in error with regard to these issues – or that these issues raise a substantial question of law or fact – the Court denies Defendant's motion for bail pending appeal to the extent he bases his motion on these issues.

### III. CONCLUSION

After carefully reviewing the entire record in this case, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for bail pending appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 3, 2009
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge